IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN S. MILLER,

    Plaintiff,

v.          Civil Action No.
             7:16-CV-1520 (DEP)

NANCY A. BERRYHILL[1], Acting Commissioner
of Social Security,

    Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF: | |
| OLINSKY LAW GROUP<br>300 S. State Street<br>Suite 420<br>Syracuse, NY 13202 | HOWARD D. OLINSKY, ESQ.<br>MELISSA A. PALMER, ESQ. |
| FOR DEFENDANT: | |
| HON. GRANT JAQUITH<br>Acting U.S. Attorney for the<br>Northern District of New York<br>P.O. Box 7198<br>100 S. Clinton Street<br>Syracuse, NY 13261-7198 | ELIZABETH D. ROTHSTEIN, ESQ.<br>Special Assistant U.S. Attorney |

---

[1] Carolyn Colvin, the former Acting Commissioner of Security, was recently replaced by Nancy A. Berryhill, who currently serves in that position. Because Carolyn Colvin has been sued only in her official capacity, Nancy A. Berryhill has been automatically substituted for Carolyn Colvin as the named defendant. *See* Fed. R. Civ. 25(d).

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was conducted in connection with those motions on September 25, 2017, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2

hereby

ORDERED, as follows:

(1)     Plaintiff's motion for judgment on the pleadings is GRANTED.

(2)     The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

(3)     The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

(4)     The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:     September 27, 2017
           Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------x
JOHN S. MILLER,

                              Plaintiff,

vs.                           7:16-CV-1520

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                              Defendant.

------------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on September 25, 2017, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 South State Street
                    Suite 420
                    Syracuse, New York  13202
                      BY:  MELISSA A. PALMER, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza, Room 3904
                    New York, New York  10278
                      BY:  ELIZABETH D. ROTHSTEIN, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1                    (In Chambers, Counsel present by telephone.)

2                    THE COURT: All right, I'll have to let that be the

3   last word.

4                    So I have before me a request for judicial review

5   of an adverse determination by the Acting Commissioner

6   pursuant to 42 United States Code Section 405(g) and

7   1383(c)(3).

8                    The background is as follows: The plaintiff was

9   born in June of 1966, is currently 51 years old, he was 48

10  years old at the time of the hearing and 46 years old at the

11  time of his application for benefits. He is 5-foot-7 or

12  5-foot-8 inches in height, and he's right-hand dominant. He

13  is married, has no children under 18, lives in an apartment

14  in Watertown. He is a high school graduate and has some

15  specific training in both auto mechanics, small engines, and

16  culinary. He went to the Culinary Institute of America. He

17  last worked in 2006, answering questions in a call center.

18                   He suffers from chronic back pain and in the past,

19  there's reference in 2009 to neck pain as well. He also

20  suffers from rosacea, hypertension, hyperlipidemia, and

21  claims to also suffer from depression and post-traumatic

22  stress disorder although I did not find reference to

23  treatment for any mental conditions in the record.

24                   Plaintiff first saw Dr. Laverne VanDeWall for his

25  back, was referred to Dr. Bhupinder Bolla, a pain specialist.

1  He was later referred to Dr. Richard DiStefano of Syracuse
2  Orthopedic Specialists or SOS, an orthopedic surgeon, in
3  November 2003 -- 13, I'm sorry, who determined that plaintiff
4  was not a suitable candidate for surgery.  Plaintiff also
5  began treating with Dr. Hardik Patel of the Evans Mills
6  clinic in March of 2014 for chronic lumbago and depressive --
7  DDD, degenerative disk disease.  There is, there was an MRI,
8  or magnetic resonance image, testing performed on March 27,
9  2013.  That appears at page 165 of the record.  That reflects
10 diffuse disk bulges at L3-4 and L4-5 with minimal thecal sac
11 compression, diffuse disk bulge in small right paracentral
12 disk extrusion at the L5-S1 level with minimal compression of
13 the thecal sac and right S1 nerve as it exits the thecal sac.
14 The disk extrusion is increased in size compared to the
15 previous study.  There is no other significant change.

16         In terms of medications, at various times plaintiff
17 has been prescribed tramadol, Lyrica, Percocet, Flexeril,
18 Medrol, Neurontin, Vicodin, Cymbalta, Tylenol 4.  Also has
19 undergone some physical therapy and has a TENS unit, although
20 he apparently does not use it.  Plaintiff testified that he
21 takes extra medications at times and the record supports
22 that, that he has doubled up on his dosage on occasion and
23 run out of medications.  He overdosed on tramadol in June of
24 2014 and ended up in an emergency room.  He has been
25 prescribed a cane.  He states that he has difficulty standing

1  and walking.  He suffers from leg pain radiating down his leg
2  and numbness, low back pain.  He, as counsel indicated, he
3  takes care of his wife and does chores around the house.
4           Procedurally, plaintiff applied for Supplemental
5  Security Income or SSI benefits on December 18, 2012 alleging
6  a disability onset date of June 2, 2006.  On September 22,
7  2014, a hearing was conducted by Administrative Law Judge
8  John Lischak.  On April 2, 2015, ALJ Lischak issued a
9  decision finding that plaintiff was not disabled at the
10 relevant times and therefore ineligible for benefits.  That
11 became a final determination of the agency on October 20,
12 2016, when plaintiff's request to the Social Security
13 Administration Appeals Council for judicial -- for review of
14 that determination was denied.
15          In terms of the decision, ALJ Lischak applied the
16 familiar five-step test for determining disability.  At step
17 one, concluded that plaintiff was -- had not engaged in
18 substantial gainful activity since the date of his
19 application on December 18, 2012.
20          At step two, he concluded that the plaintiff
21 suffers from a back disorder and neuropathy affecting the
22 right hand and arm.
23          At step three he concluded that the conditions did
24 not meet or medically equal any of the listed presumptively
25 disabling conditions set forth in the Commissioner's

1  regulations, based in large part upon Exhibit 9F,
2  interrogatory responses from Dr. Brahms.
3       After surveying the medical evidence, ALJ Lischak
4  concluded that plaintiff retains the residual functional
5  capacity or RFC to perform light work with very specific
6  additional limitations that are set out on page 20 of the
7  record.
8       At step four, the administrative law judge
9  concluded that plaintiff is capable of performing his past
10 relevant work as a teleserve representative in a call center,
11 but went on to find alternatively at step five, that based
12 upon the ability to perform the RFC determined and with the
13 assistance of a vocational expert, concluded that plaintiff
14 could perform in the positions of an addresser, a document
15 preparer, and an order clerk, all of which were sedentary
16 positions, SVP rating of 2. He therefore concluded that
17 plaintiff was not disabled at the relevant times.
18      My role is limited to determining whether ALJ
19 Lischak's determination is supported by substantial evidence
20 and correct legal principles were applied. It is a fairly
21 deferential standard.
22      There's no question that complaints of pain
23 represent important elements in a disability determination.
24 The case -- one of the cases cited by the plaintiff,
25 *Rockwood*, indicates that and I don't think that's a very

1  controversial finding.  *Rockwood v. Astrue.*  So plaintiff's
2  claims are entitled to weight, if they're objectively
3  supported.  Here, there is an MRI finding that supports the
4  conclusion which ALJ Lischak did make that plaintiff suffers
5  from a condition that could reasonably be an objectively
6  determinable condition that reasonably could cause the pain
7  that he claims to experience so it boils down then to the
8  evaluation of plaintiff's subjective claims of pain.
9        So the determination of pain is accomplished
10 pursuant to 20 CFR Section 416.929, and the Social Security
11 Ruling that has now been superseded that was cited by
12 plaintiff and was in force at the relevant times, 96-7P.  It
13 prescribes the two-step process which was undertaken here,
14 but it requires the consideration of factors when a
15 plaintiff's allegations of pain are not fully credited.  The
16 factors include daily activities, location, duration,
17 frequency, and intensity of pain or other symptoms,
18 precipitating and aggravating factors, type, dosage,
19 effectiveness, and side effects of any medication taken to
20 alleviate the pain, treatment other than medication received
21 or -- for relief for the pain or other symptoms.  And both of
22 those demonstrate the importance of, as do cases including
23 from the Second Circuit, the importance of the administrative
24 law judge laying out reasoning so that effective judicial
25 review can be performed.

1           The case that struck me as very helpful was *Lewis
2    v. Apfel*, 62 F.Supp.2d 648, shows how important it is to --
3    for the ALJ to consider all available evidence and state
4    specific reasons for a credibility determination sufficient
5    to permit meaningful review.  As the Commissioner argues, if
6    the rationale can be gleaned from the ALJ's decision, the
7    four corners of that decision, then remand is not required.
8    *Cichocki* and *Mongur v. Heckler* point that out.  And in
9    *Cichocki*, it was noted that there doesn't need to be a
10   slavish recitation of the seven factors.  However, the ALJ
11   does need to provide a basis for meaningful review and to
12   actually consider those factors.
13          The credibility analysis which appears at pages 21
14   and 22 primarily of the record is woefully deficient.  With
15   due respect to ALJ Lischak who I know and respect, it doesn't
16   discuss daily activities, it doesn't have any meaningful
17   discussion as to medications, and the efforts that the
18   plaintiff made to secure relief from his claimed pain.  It
19   doesn't -- it doesn't discuss the factors to a sufficient
20   degree that I think I can make a meaningful determination
21   that he has complied with that Social Security Ruling and the
22   regulations.
23          So, on the other hand, I don't find that there is
24   persuasive evidence of disability.  I recognize the arguments
25   raised by the Commissioner but that kind of post hoc analysis

1  is not sufficient.  So, and citing *Morrow, King v. Berryhill*,
2  2017 WL 1753442 which I find to be extremely similar to this
3  case, I will grant judgment on the pleadings to the plaintiff
4  without a directed finding of disability, and remand the
5  matter to the agency for further consideration.
6           Thank you both for excellent presentations and I
7  hope you have a good afternoon.
8           MS. PALMER:  Thank you, your Honor.
9           MS. ROTHSTEIN:  Thank you, your Honor.
10              (Proceedings Adjourned, 2:23 p.m.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1       CERTIFICATE OF OFFICIAL REPORTER
2
3
4          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5     Official Realtime Court Reporter, in and for the
6     United States District Court for the Northern
7     District of New York, DO HEREBY CERTIFY that
8     pursuant to Section 753, Title 28, United States
9     Code, that the foregoing is a true and correct
10    transcript of the stenographically reported
11    proceedings held in the above-entitled matter and
12    that the transcript page format is in conformance
13    with the regulations of the Judicial Conference of
14    the United States.
15
16                   Dated this 25th day of September, 2017.
17
18
19                                  /S/ JODI L. HIBBARD
20                                  JODI L. HIBBARD, RPR, CRR, CSR
                                    Official U.S. Court Reporter
21
22
23
24
25
```

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547